UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PARMINDERPAL SINGH,

        Petitioner,

   v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

        Respondents.

CASE NO. 2:25-cv-00131-MJP-GJL

ORDER GRANTING AMENDED STIPULATED MOTION TO TRANSFER

Petitioner Parminderpal Singh and Respondents, by and through their counsel of record, pursuant to 28 U.S.C. § 1404(a), Local Rules 7(d)(1), 10(g) and 16, have filed a Joint Motion to Transfer this case to the United States District Court for the Middle District of Georgia, where Petitioner is currently being detained at the Robert A. Deyton Detention Facility in Lovejoy, Georgia, as amended on February 28, 2025.[1] Dkt. 5, 6. Upon review, the Amended Motion to Transfer (Dkt. 6) is **GRANTED**.

---

[1] At the time the parties filed the original Stipulated Motion to Transfer, Petitioner was confined at the Federal Correctional Institution in Atlanta, Georgia ("FCI-Atlanta"), located in the Northern District of Georgia. *See* Dkt. 5. However, since the filing of the original Motion to Transfer, Petitioner has been transferred to the Robert A. Deyton Detention Facility in Lovejoy, Georgia, located in the Middle District of Georgia. *See* Dkt. 6.

ORDER GRANTING AMENDED STIPULATED
MOTION TO TRANSFER - 1

Petitioner brought this habeas litigation pursuant 28 U.S.C. § 2241, alleging that his continued immigration detention violates his Fifth Amendment due process rights and the Immigration and Nationality Act. Dkt. 1. Here, the parties agree that this Court lacks jurisdiction as Petitioner was not located in this District when the Petition was filed, and Petitioner has not been located in this District since the Petition's filing. Dkt. 6. However, the parties further agree that, in lieu of dismissal, this Court should transfer this case to the Middle District of Georgia in the interest of justice.[2] 28 U.S.C. § 1404(a). *See also* Dkt. 6.

A Section 2241 petition for writ of habeas corpus must "be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973)); *see also United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). "All told, the plain language of the habeas statute thus confirms the general rule that, for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Doe v. Garland*, 109 F.4th 1188, 1198 (9th Cir. 2024).

Here, the parties agree that Petitioner was confined at the Stewart Detention Center in Georgia at the time this case was initiated. *See* Dkt. 6. And since that time, he has been transferred to the Robert A. Deyton Detention Facility in Lovejoy, Georgia. *See id*. Therefore, jurisdiction has never been established in this District.

A case that has been filed in the wrong jurisdiction may be transferred to a more appropriate federal forum if it is "in the interest of justice." 28 U.S.C. § 1404(a). Because Petitioner is in the Middle District of Georgia and has not been detained in this District at any

---

[2] By stipulating to transfer the case, Respondents do not waive their right to raise the defenses of insufficient service of process, lack of jurisdiction, or any other defense in the above-entitled cause of action. *See* Dkt. 6.

ORDER GRANTING AMENDED STIPULATED
MOTION TO TRANSFER - 2

time during this litigation, jurisdiction does not lie here. The parties agree that, if transferred, Petitioner's habeas claims may be heard in the Middle District of Georgia while avoiding the "time-consuming and justice-defeating" dismissal of an action. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citations and quotations omitted). *See also* Dkt. 6. Therefore, the requested transfer would further the interest of justice.

Accordingly, the Amended Stipulated Motion to Transfer this case to the Middle District of Georgia (Dkt. 6) is **GRANTED**. *See* 28 U.S.C. § 1404(a).

Dated this 4th day of March, 2025.

*[signature]*

MARSHA J. PECHMAN
United States District Judge

Recommended for entry this <u>4th</u> of <u>March</u>, 2025.

*[signature]*

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING AMENDED STIPULATED
MOTION TO TRANSFER - 3